UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **Jesus CORONA-Rivera,** ) <br> ) <br> ) <br> Defendant ) <br> ) | Magistrate Docket No. **08 MJ 1069** <br> <br> COMPLAINT FOR VIOLATION OF: <br> <br> Title 8, U.S.C., Section 1326 <br> Deported Alien Found in the <br> United States |

The undersigned complainant, being duly sworn, states:

On or about **April 6, 2008** within the Southern District of California, defendant, **Jesus CORONA-Rivera,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **APRIL, 2008.**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Jesus CORONA-Rivera**

## PROBABLE CAUSE STATEMENT

On April 6, 2008, Border Patrol Agent A. Arauz was performing line watch duties in the Imperial Beach, California area of operations. At approximately 3:00 a.m., Imperial Beach East Scope Operator radioed via service radio of five individuals running north from an area known as "Whiskey 8." This area is approximately two miles west of the San Ysidro, California Port of Entry and is approximately one-half mile north of the United States/Mexico International Boundary.

Agent Arauz responded to the area and encountered five individuals hiding. Agent Arauz identified himself as a United States Border Patrol Agent and questioned the individuals, including the one subject later identified as the defendant **Jesus CORONA-Rivera**, as to their citizenship and nationality. All five individuals, admitted that they were citizens and nationals of Mexico illegally present in the United States and they possessed no immigration documentation permitting them to enter or remain in the United States. Agent Arauz arrested the individuals, including the defendant, and had them transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **May 23, 2007** through **Brownsville, Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.